IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ELIAS JAMES LAPOINTE,**

    **Petitoner,**

    v.                           **CASE NO. 18-3027-JWL**

**NICOLE ENGLISH, Warden,**

    **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner filed his petition in the United States District Court for the District of South Dakota, Western Division. The matter was transferred to this Court on February 8, 2018, because Petitioner is in federal custody at USP-Leavenworth in Leavenworth, Kansas.

Petitioner seeks to correct the Federal Bureau of Prisons' calculation of his sentence, suggesting his release date should be February 17, 2018. The transfer order noted that:

> On December 5, 2017, the Honorable Jeffrey Viken, Chief United States District Judge, imposed a 5-month sentence of incarceration. *See* Docket 57 in CR 16-50061. Then on December 29, 2017, the Honorable Roberto Lange, United States District Judge, imposed a 6-month sentence to run concurrent with the sentence in CR 16-50065, with credit for time served as of August 21, 2017. *See* Docket 56 in CR 14-30003. Six months from August 21, 2017, is February 21, 2018. The Federal Bureau of Prison's inmate locator lists LaPointe's release date as March 12, 2018.

(Doc. 2, at 1–2.)

This Court ordered Respondent to show cause by February 15, 2018, why the writ should not be granted. Respondent filed an Answer and Return (Doc. 5), stating that the Bureau of

Prisons ("BOP") has revised Petitioner's sentence calculation, resulting in a recalculated release date of February 18, 2018.  Because this February 18, 2018 release date falls on a Sunday, Petitioner's release date is scheduled for February 16, 2018, pursuant to BOP policy.  (Doc. 5, at 7.)

Article III of the United States Constitution empowers federal courts to adjudicate only actual, ongoing cases or controversies.  *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006) ("Constitutional mootness doctrine is grounded in the Article III requirement that federal courts may only decide actual ongoing cases and controversies.") (citation omitted).  "To involve the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted).  "[I]t is not enough that a dispute was very much alive when suit was filed . . . [t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit."  *Id*. at 477–78 (citations omitted).  Where an event occurs while a matter is pending that makes it impossible for a court to grant any relief, the matter becomes moot. *Prier*, 456 F.3d at 1213.

The Court has contacted the Warden's Office at USP-Leavenworth and has been informed that Petitioner was in fact released on February 16, 2018.  Petitioner has failed to file a Traverse disputing this, and the deadline for filing his Traverse has passed. Because Petitioner was released on February 16, 2018—a day prior to his requested release date—his request for relief is moot.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed as moot**.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 21st day of February, 2018.**

                                    **S/ John W. Lungstrum**
                                    **JOHN W. LUNGSTRUM**
                                    **UNITED STATES DISTRICT JUDGE**